## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EDGAR J. VAZQUEZ GONZALEZ<br><br>PLAINTIFF<br><br>**V.**<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES, TRIPLE-S SALUD, INC. | CASE NO. _____<br><br><br><br>COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT FOR DECLARATORY AND INJUNCTIVE RELIEF |

**COMES NOW** the Plaintiff, who is also an attorney and respectfully states, alleges and prays as follows:

### INTRODUCTION

Plaintiff, Dr. Edgar J. Vazquez Gonzalez, a contracted provider, submitted several Freedom of information Act (FOIA) proper requests to Defendant, Triple-S Salud, Inc. ("Triple-S"), a Managed Care Organization. These requests were made pursuant to Title XIX of the Federal Social Security Act, codified as 42 USC 1396 et seg. ("The Social Security Act"), and Act No. 72 of September 7, 1993 of the laws of the Commonwealth of Puerto Rico (the Medicaid program). The plaintiff's requests were made by letters on the following dates: April 4, 2024; September 3, 2024; October 30, 2024 and January 13, 2025, all for records concerning an audit requested by Triple-S related to services rendered to MEDICAID patients. The Defendants have failed to make a determination on the FOIA request and failed to disclose the requested documents within the time prescribed by FOIA. Therefore, Plaintiff now files this action for injunctive and other appropriate relief under the Freedom of Information Act, 5 U.S.C. § 552.

### JURISDICTION AND VENUE

1.  This court has jurisdiction over this matter pursuant to 5 U.S.C. § §552 (a) (4) (6), (6) (C) (i) and 28 U.S.C. § 1331.

2.  Venue is proper in this Court under 5. U.S.C. § 552 (a) (4) (B) because Plaintiff resides in this district.

### PARTIES

3.  Plaintiff Dr. Edgar J. Vazquez Gonzalez, a contracted provider, submitted several FOIA proper requests to Triple-S, a MEDICAID contractor on: April 4, 2024;

September 3, 2024; October 30, 2024 and January 13, 2025. Plaintiff is a physician licensed in the Commonwealth of Puerto Rico, specializing in Internal Medicine with sub-specialties in Cardiology and Nuclear Cardiology, License Number 6104. Plaintiff's postal address is P.O. Box 473, Mayagüez, Puerto Rico 00681-0473. The physical address of Plaintiff's office is Calle De La Candelaria #111 Este, Mayagüez, Puerto Rico 00680; email: evgyaguez@gmail.com and telephone 787-833-8005.

4.    Defendant Triple-S, P.O. Box 363628 San Juan, Puerto Rico 00936-3628, is a contractor for the MEDICAID program in Puerto Rico and administers funds for such program which are supplied by the Department of Health and Human Services and an agency of the United States under S U.S.C. § 552 (f) (1). Among other duties Triple-S is responsible to audit providers that renders services to MEDICAID patients under his contract. Triple-S has responsive records in its possession, custody and control. Defendant is charged with the duty to provide access to records in its possession consistent with the requirements of FOIA.

## STATEMENT OF FACTS

5.    On April4, 2024; September 3, 2024; October 30, 2024 and January 13, 2025, Plaintiff filed an FDA request with Triple-S Inc., for records relating to an audit performed by the medical plan. The FOIA request complied with FOIA requirements was specific and clear of what was requested and expressed the willingness to cover the cost of providing such request. Exhibit A, B, C, D.

6.    As of this date Triple-S Inc., has failed to respond to Plaintiff's request.

7.    Under FOIA, an agency is required to make an initial "determination" with regards to a request. Within twenty (20) days of its receipt. See 5 U.S.C. § 552 (a) (6) (A) (i).

8.    Under FOIA, a person making a request is deemed to have exhausted his administrative remedies if the agency fails to comply with the applicable time limit provisions set forth in the statue. See 5 U.S.C. § 552 (a) (6) (c) (i).

9.    Triple-S Inc., thus far has ignored the FOIA request and has failed to produce any responsive agency records to Plaintiff and the statutory period for an agency response has expired. It has acknowledged that the requested information is in their possession. Exhibit E.

## CAUSES OF ACTION

### COUNT ONE

Violation of the Freedom of Information Act, S U.S.C. § 552
for Failure to Respond Within the Time Required

10.    Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

11.    Under FOIA, Defendants were required to respond to Plaintiff's F0IA request and to notify Plaintiff of the agency's determination within thirty (30) working days after receiving the request. 5 U.S.C. § 552 (a) (6) (A), (6) (B).

12.    Defendant's failure to make the requisite determination and to communicate it to the Plaintiff within the time allowed by the statute violates the FOIA. 5 U.S.C. § 552 (a) (6) (A) (i).

### COUNT TWO

Violation of the Freedom of Information Act, 5 U.S.C. § 552
for Failure to Conduct an Adequate Search

13.    Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

14.    Defendants have violated their obligation under FOIA by failing to make a reasonable effort search for records responsive to Plaintiff's request. 5 U.S.C. § 552 (a) (3) (C).

### COUNT THREE

Violation of the Freedom of Information Act, 5 U.S.C. § 552
Wrongful Withholding of Records

15.    Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

16.    Defendants are wrongly withholding agency records by failing to produce non-exempt records responsive to Plaintiff's FOIA request and by failing to segregate and produce non-exempt records responsive to Plaintiffs FOIA request.

17.    Defendants are obligated under 5 U.S.C. § 552 (a) (3) (A) to promptly produce records responsive to the Plaintiff FOIA request.

18.    Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendant's failure to disclose them.

19.   Defendants' failure to disclose all responsive records violates their statutory obligations to make requested records promptly available to the public. 5 U.S.C. § 552 (a).

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

1.   Assume jurisdiction in this matter and maintain jurisdiction until Defendant complies with FOIA and every order of this Court;

2.   Declare that Defendant's failure to make a timely determination with regard to Plaintiff's Request violates FOIA, 5 U.S.C. § 552 (a) (6) (A) (i) and (B);

3.   Order Defendant to expeditiously conduct an adequate search for all records responsive to Plaintiff's FOIA Request in accordance with 5 U.S.C. § 552 (a) (3) (C);

4.   Declare that Defendant's failure to promptly disclose the records responsive to Plaintiff's Request violates FOIA, 5 U.S.C. § 552 (a) (3) (A);

5.   Order Defendant to expeditiously disclose all responsive, non-exempt records and enjoin Defendant from improperly withholding records;

6.   No attorney's fees are requested.

7.   Grant such other relief as the Court may deem just, equitable, and appropriate.


Respectfully submitted,


In Mayaguez, Puerto Rico, this 2nd day of April, 2025.


S/ Edgar J, Vazquez Gonzalez
Edgar J, Vazquez Gonzalez
USDC No. 227506
P.O. Box 473
Mayagüez, P.R. 00681-0473
787-375-0775
evgyaguez@gmail.com


Attorney for Plaintiff